















JPP   7/5/01   11:49
3:01-CV-01194   BERG V. SASSY SCENTS LLC
*1*
*CMP.*

Jeffrey R. Smith, Esq., SBN 164021
Adrienne W. Brown, Esq., SBN 167682
SMITH & BROWN, LLP
2247 San Diego Ave., Suite 234
San Diego, California 92110
Phone: 619.260.3444
Fax: 619.260.3445
E-mail: jrsmith@law.com

Attorney for Plaintiff
ROBERT ISAAC BERG



# UNITED STATES DISTRICT COURT

ORIGINAL

## SOUTHERN DISTRICT OF CALIFORNIA

### SAN DIEGO DIVISION

| | |
|---|---|
| ROBERT ISAAC BERG, | ) Case No: **'01 CV    1194 IEG (LSP)** |
| | ) |
| Plaintiff, | ) COMPLAINT FOR: |
| vs. | ) (1)  PATENT INFRINGEMENT; |
| | ) (2)  COMMON LAW UNFAIR |
| SASSY SCENTS, LLC, a New York | )       COMPETITION; |
| Limited Liability Company; DEBRA | ) (3)  STATUTORY UNFAIR COMPETITION; |
| KRESSNER; an individual, and DOES | ) (4)  IMPOSITION OF CONSTRUCTIVE |
| 1-25 inclusive, | )       TRUST; AND |
| | ) (5)  AN ACCOUNTING |
| Defendant(s). | ) |
| | ) |
| | ) |
| | ) DEMAND FOR JURY TRIAL |
| | ) |

## I

## PLAINTIFF'S COMPLAINT

As and for claims for relief against Defendants, Plaintiff ROBERT ISAAC BERG alleges as follows:

## II

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction because the action arises under the patent laws of the United States, Title 35 of the United States Code, more specifically, 28 U.S.C. §1331, and §1338(a).

1

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c). Defendants are subject to personal jurisdiction due to their minimum contacts and thus, reside in this district.

### III

### THE PARTIES

3. Plaintiff, ROBERT ISAAC BERG, is an individual doing business as Little i Lingerie and having his principle place of business at 1244 11th Street, Unit J, Santa Monica, California 90401.

4. Defendant, SASSY SCENTS, LLC, ("SASSY") is a limited liability company organized and existing under the laws of the State of New York and having its principle place of business at 102 Penn Road, Scarsdale, New York 10583.

5. Upon information and belief, Defendant, DEBRA KRESSNER, ("KRESSNER") is, and at all times relevant was, a citizen of New York residing at 102 Penn Road, Scarsdale, New York 10583.

6. Plaintiff is informed and believes, and based thereon alleges, that there exists, and that all times herein mentioned in this Complaint existed, a unity of interest and ownership between SASSY and KRESSNER such that any individuality and separateness between them has ceased, and that the defendant corporate/business entity is the alter ego of KRESSNER.

7. Adherence to the fiction of separate existence of the defendant corporation/business entity as an entity distinct from KRESSNER would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

/ / /

/ / /

/ / /

2

## IV

## BACKGROUND FACTS AND GENERAL ALLEGATIONS

8. Plaintiff is the sole inventor, manufacturer and distributor of a woman's sachet commonly known as "Brapourri®".

9. SASSY/KRESSNER manufactures and sells a number of knock-off products that directly compete in the relevant marketplace.

## V

## FIRST CAUSE OF ACTION

### [Patent Infringement - 35 U.S.C. § 271]

### Against all Defendants

10. Plaintiff incorporates by reference paragraphs 1-9, inclusive, as if fully set forth here.

11. On May 4, 1999, United States Letters Patent No. 5,899,790 ("790 patent"), entitled "Scented Material Container For Lingerie And The Like", was duly and legally issued to Plaintiff. (A true and correct copy of the patent is attached hereto, incorporated by reference and marked as Exhibit A)

12. At all relevant times, Plaintiff has marked retail products manufactured under the patent with the appropriate patent notice and patent numbers.

13. On May 22, 2001, United States Letters Patent No. D442,684 ("684 patent"), entitled "Potpourri Sachet", was duly and legally issued to Plaintiff. (A true and correct copy of the patent is attached hereto, incorporated by reference and marked as Exhibit B)

14. At all relevant times, Plaintiff has marked retail products manufactured under the patent with the appropriate patent notice and patent numbers.

15. This is a claim for patent infringement under 35 U.S.C. § 271.

16. Plaintiff is informed and believes, and therefore alleges, that SASSY, and through its agents, employees and servants, has made, used, offered for sale, and sold products which infringe the patent. These actions were not and are not authorized by Plaintiff.

17. Plaintiff is informed and believes, and therefore alleges, that SASSY has derived, received and continues to derive and receive, gains, profits and advantages, in amounts not presently known to Plaintiff, from its acts of infringement.

18. Plaintiff is informed and believes, and therefore alleges, that such infringement has been and continues to be intentional, knowing, willful, and deliberate with full knowledge of Plaintiff's rights.

19. Due to the acts of SASSY, Plaintiff has suffered great and irreparable injury.

20. Plaintiff is informed and believes, and thereon alleges, that unless SASSY is enjoined by this Court, SASSY will continue to infringe the patent in violation of Plaintiff's rights, causing great and irreparable harm to Plaintiff for which he has no adequate remedy at law.

## VI

### SECOND CAUSE OF ACTION

### [California Common Law Unfair Competition]

### Against all Defendants

21. Plaintiff incorporates by reference paragraphs 1-20, inclusive, as if fully set forth here.

4

22. The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition pursuant to the common law of the State of California.

23. Defendants conduct as alleged above has damaged and will continue to damage Plaintiff's good will and reputation and has resulted in losses to Plaintiff and an illicit gain of profit to Defendants in an amount that is unknown at the present time.

## VII

### THIRD CAUSE OF ACTION

**[Unfair Competition - California Bus. & Prof. Code § 17200 et seq.]**

**Against all Defendants**

24. Plaintiff incorporates by reference paragraphs 1-23, inclusive, as if fully set forth here.

25. The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition as defined by California Bus. & Prof. Code § 17200 et seq.

26. The acts and conduct of Defendants is likely to cause confusion and mistake among customers, end users and the public as to the origin or association of Defendants' infringing products. The acts and conduct of Defendants is likely to lead the public to conclude, incorrectly, that the products distributed, solicited for distribution, offered, advertised, and marketed by Defendants originate with, are sponsored by, or are authorized by Plaintiff, to the damage and harm of Plaintiff, its licensees, and the public.

27. As a result, Defendants should be required to disgorge any profit or gain that they obtained as a result of their wrongful activity.

/ / /

5

## VIII

### FOURTH CAUSE OF ACTION

**[For Imposition Of A Constructive Trust Upon Illegal Profits]**

**Against all Defendants**

28.   Plaintiff   incorporates   by   reference   paragraphs   1-27, inclusive, as if fully set forth here.

29.   By   reason   of   the   acts   and   conduct   set   forth   herein, Defendants have engaged and are engaging in deceptive, fraudulent and wrongful conduct in the nature of passing off their products as genuine products of Plaintiff and/or products sponsored or approved by   Plaintiff.    Plaintiff   believes   that   Defendants   maintain   the illegal   profits   from   their   actions,   all   of   which   belong   to Plaintiff.

30. By virtue of their wrongful conduct, Defendants hold illegal profits as constructive trustees for the benefit of Plaintiff.

31. Plaintiff is not presently aware of where Defendants have deposited all of their illegal profits.   Plaintiff believes that Defendants' illegal profits, whether in the form of bank accounts or in the form of real or personal property, will eventually be traced. Plaintiff   therefore   believes   that   Defendants   hold   such   illegal profits as constructive trustees for the benefit of Plaintiff.

## IX

### FIFTH CAUSE OF ACTION

**[Accounting]**

**Against all Defendants**

32.   Plaintiff   incorporates   by   reference   paragraphs   1-31, inclusive, as if fully set forth here.

33. Plaintiff is entitled pursuant to 17 U.S.C. § 504 and 15

1  U.S.C. § 1117 to recover any profits of Defendants that are
2  attributable to their acts of infringement.

3  34. The amount of money due from Defendants to Plaintiff is
4  unknown to Plaintiff and cannot be ascertained without an accounting
5  of the number of units of counterfeit and infringing products
6  offered for distribution and distributed by Defendants.

7

8  **RELIEF REQUESTED**

9  WHEREFORE, plaintiff BERG prays that judgment be entered in his
10  favor and against Defendants, as follows:

11  1. For judgment that Defendants have infringed United States
12  Letters Patent Nos. 5,899,790 & D442,684;

13  2. For judgment that Defendants have willfully infringed United
14  States Letters Patent Nos. 5,899,790 & D442,684;

15  3. For judgment that Defendants have competed unfairly with
16  Plaintiff at common law and under California Bus. & Prof. Code §
17  17200 et seq.;

18  4. For an Order preliminarily and permanently enjoining and
19  restraining Defendant, its officers, agents, servants, employees,
20  attorney, and all persons acting in concert or participation with
21  them, from directly or indirectly making, using, selling, vending,
22  marketing, displaying, advertising or distributing any goods, wares,
23  or merchandise which infringe United States Letters Patent Nos.
24  5,899,790 & D442,684;

25  5. For an order directing Defendants to deliver to Plaintiff,
26  all unlawfully created copies of Plaintiff's patented product, all
27  devices used to manufacture said infringing copies, and product and
28  advertising literature for all infringing products which are in the

7

possession or control of Defendants;

6. For an order directing an accounting of Defendants' profits attributable to the patent infringement and an accounting of all profits realized by Defendants, occasioned as a result of Defendants' infringement of the product in issue;

7. For a judgment against Defendants for all damages to Plaintiff, and in no event less than a reasonable royalty, for their infringement of Plaintiff's patent.

8. That the damages in this action be trebled for Defendants' willful infringement of United States Patent Nos. 5,899,790 & D442,684;

9. That there be an assessment of pre-judgment and post-judgment interest and costs against Defendants in favor of Plaintiff, and an award of this interest and costs to Plaintiff;

10. That this be adjudged an "exceptional case" within the meaning of 35 U.S.C. § 285, and that Plaintiff be awarded his attorneys' fees recoverable from Defendants; and,

11. For such other and further relief as this Court may deem just and appropriate.


Dated: June 26, 2001                    Respectfully submitted,

                                        SMITH & BROWN, LLP


                                        _____
                                        Jeffrey R. Smith
                                        Attorneys for Plaintiff
                                        ROBERT ISAAC BERG

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues triable to a jury.

Dated: June 26, 2001

Respectfully submitted,

SMITH & BROWN, LLP

_____

Jeffrey R. Smith
Attorneys for Plaintiff
ROBERT ISAAC BERG

**Exhibit A**

# United States Patent [19]

**Berg**

US005899790A

[11] **Patent Number:** 5,899,790

[45] **Date of Patent:** May 4, 1999

[54] **SCENTED MATERIAL CONTAINER FOR LINGERIE AND THE LIKE**

[76] Inventor: **Robert Isaac Berg**, 7936 Paseo del Ocaso, La Jolla, Calif. 92037

[21] Appl. No.: **09/018,041**

[22] Filed: **Feb. 3, 1998**

### Related U.S. Application Data

[63] Continuation-in-part of application No. 29/067,269, Mar. 12, 1997.

[51] **Int. Cl.⁶** ................................. **A41B 9/00; A41C 3/00**

[52] **U.S. Cl.** .......................... **450/1**; 450/57; 2/73; 512/1; 512/4; D23/367

[58] **Field of Search** ................................. 2/1, 83, 46, 48, 2/49.1, 80, 247, 75, 248, 104, 249, 105, 250, 106, 251, 113, 252, 114, 253, 115, 73, 405, 69, 69.5, 400, 401, 402, 403, 404, 406, 407, 408, 409; 450/53, 57, 54, 30, 55, 31, 56, 32, 89; D23/366, 367, 351, 355; 239/36, 152, 153, 653; 512/1, 4

[56] **References Cited**

#### U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D. 119,897 | 4/1940 | Garry . |
| D. 119,898 | 4/1940 | Garry . |
| D. 119,899 | 4/1940 | Garry . |
| D. 119,900 | 4/1940 | Garry . |
| D. 121,228 | 6/1940 | Garry . |
| D. 368,426 | 4/1996 | Kaplan . |
| D. 387,853 | 12/1997 | Little ...................... D23/367 |
| D. 390,942 | 2/1998 | Mei ...................... D23/367 |
| 924,935 | 6/1909 | Revman et al. . |
| 1,983,496 | 12/1934 | Ganz . |
| 2,041,753 | 5/1936 | Ganz . |
| 2,124,396 | 7/1938 | Frank . |
| 2,200,840 | 5/1940 | Frank . |
| 2,256,917 | 9/1941 | Woiwode et al. ...................... 2/243.1 |
| 2,265,789 | 12/1941 | Vivaudou et al. . |
| 2,320,414 | 6/1943 | Dalloz . |
| 2,520,087 | 7/1950 | Amyot ...................... 450/1 |
| 2,806,315 | 9/1957 | Kalensky . |
| 2,886,820 | 5/1959 | Morris ...................... 450/57 |
| 3,185,394 | 5/1965 | Farrell . |
| 3,733,016 | 5/1973 | Rood . |
| 4,277,024 | 7/1981 | Spector ...................... 239/36 |
| 4,465,232 | 8/1984 | Field . |
| 4,744,514 | 5/1988 | Gadoua . |
| 4,905,898 | 3/1990 | Wade . |
| 5,056,694 | 10/1991 | Michalik . |
| 5,197,639 | 3/1993 | Jerman et al. . |
| 5,416,929 | 5/1995 | Braunstein ...................... 2/406 |
| 5,542,564 | 8/1996 | Wright . |
| 5,678,251 | 10/1997 | Getz ...................... 2/406 |

*Primary Examiner*—Jeanette Chapman

[57] **ABSTRACT**

A scented material container with two connected compartments and connected straps. The compartments are preferably made of a fabric material that allows the scented material to emit the scent, preferably having a wide enough stitch pattern to allow the scented material to be viewed therein. Any known scented material can be located within the compartments, however, potpourri is preferred. Most preferably, scented beads or broken-leaf material are used. The scented material container can have a unique lingerie configuration. The container has particular advantages in methods and applications of scenting lingerie because the container readily blends in with the lingerie in the drawer and appears appropriate therein and the scented container enhances one's connotation or image of lingerie products and the beauty therein. The container also has a shape that can easily be manipulated and handled, can easily be hung or mounted, and can easily transmit scent.

**11 Claims, 3 Drawing Sheets**







FIG. 1

FIG. 2

FIG. 3



FIG. 4





FIG. 5



FIG. 6(A)

FIG. 6(B)

1

## SCENTED MATERIAL CONTAINER FOR LINGERIE AND THE LIKE

### BACKGROUND OF THE INVENTION

This application is a continuation-in-part of U.S. Design patent application Ser. No. 29/067,269 filed on Mar. 12, 1997.

#### 1. Field of the Invention

This invention pertains generally to containers for scented materials. More specifically, this invention relates to containers for scented materials, such as sachets, used, as one example, with clothing such as lingerie or the like. This invention also pertains generally to lingerie and means for enhancing the image and positive connotation of lingerie.

The present invention involves a novel container for scented materials having a unique lingerie configuration.

#### 2. Background of the Invention

It is commonly known to provide scented materials for certain items or areas to enhance one's olfactory perception of that item or area. For example, it is common practice to place potpourri in areas that do not typically have an appealing odor, such as inside a vehicle, a bathroom, or the like. It is also common practice for women to place pot-pourri within a dresser drawer containing lingerie to enhance one's image of the lingerie within the drawer and to possibly enhance the scent of any lingerie contained within the drawer—i.e., the lingerie material "picking up" the scent of the potpourri. As a result, a women's positive feelings towards such lingerie can be enhanced, making the use thereof a more positive experience. The beauty involved in her sexuality—e.g., with her spouse—is enhanced and the misconception that such sexuality is "dirty" or is reduced.

Scented material that is placed within a dresser drawer is typically contained within a single compartment container or sachet. The sachet is typically placed within the dresser drawer along with the woman's lingerie. The use of common scented material containers or sachets within lingerie drawers has a number of drawbacks. First, such containers for the scented material can be highly visible within the drawer. This can make a woman feel self-conscious about her choice to place scented material within the drawer because of its easily noticed presence within the drawer. This reduces one's feeling of the appropriateness of scented material being placed with the lingerie product. Woman may feel self-conscious or may be reluctant to place such scented material within a lingerie drawer.

### SUMMARY OF THE INVENTION

The present invention overcomes the above and other problems in the existing devices for containing scented materials and, notably, in containers for scented materials for use in scenting lingerie or the like.

According to a first aspect of the invention, a scented material container is provided comprising: a first breast-shape compartment having a rear fabric wall and a front fabric wall; a second breast-shape compartment having a rear fabric wall and a front fabric wall; a perimeter side of the first compartment being connected to a perimeter side of the second compartment; a strap connected to the first compartment at a side opposite the second compartment and extending around and connected to the second compartment at a side opposite the first compartment; a scented material filled within the first and second compartments; whereby said container is generally configured as a filled brassiere lingerie item.

2

According to another aspect of the invention, the scented material includes a potpourri material.

According to another aspect of the invention, the pot-pourri is selected from the group consisting of crushed-leaves and scented beads.

According to another aspect of the invention, the first and second compartments each have a length of less than about three inches.

According to another aspect of the invention, a first over-strap is connected from a top of the first compartment to a rear portion of the strap and a second over-strap connected from a top of the second compartment to a rear portion of the strap.

According to another aspect of the invention, the fabric of at least the front walls of the first and second compartments has a wide stitch pattern with spaces that allow the interior of the compartment to be viewed, such that the scented material therein is visible therethrough.

According to another aspect of the invention, the scented material is compliant to enhance sensuality.

According to another aspect of the invention, a method of using a scented material container to enhance an individual's appreciation of an article of lingerie, involves the steps of: (1) providing a scented material container, having: a first breast-shape compartment having a rear fabric wall and a front fabric wall; a second breast-shape compartment having a rear fabric wall and a front fabric wall; a perimeter side of the first compartment being connected to a perimeter side of the second compartment; a strap connected to the first compartment at a side opposite the second compartment and extending around and connected to the second compartment at a side opposite the first compartment; (2) filling a scented material within the first and second compartments such that said container is generally configured as a filled brassiere lingerie item; and (3) having an individual concurrently view and smell the scented material container to obtain a positive association of the scent with lingerie.

According to another aspect of the invention, the above method further includes the step of placing the scented material container in an enclosed drawer or compartment along with at least one item of lingerie.

The present invention has a number of advantages and uses not available with existing scented material containers and sachets. These advantages and uses are available with certain aspects of the invention as will be appreciated based on the present disclosure.

First, the two compartment—semi-brassiere like—configuration has a number of structural advantages not found in other scented material containers. The use of two compartments helps increase the exposed surface area of the scented material within the container. In addition, the use of a flexible connection between the compartments allows the compartments to be moved relative to one another whereby the structure can be readily adapted to various spaces. Furthermore, the straps 130, 140 and 150 provide versatility in handling and hanging the container—allowing the container to easily be hung on a hanger, a door knob, or a bed post, or on a variety of other structures.

Second, the placement of scented material within a container having such a unique lingerie configuration (a) enhances the positive image of lingerie, (b) facilitates a woman's comfort with and ability to use scented materials with lingerie, and (c) enables a woman or man to appreciate the scent in the context of a lingerie item so as to facilitate selection of an appropriate scent for lingerie. Even further,

3

the unique lingerie configuration enhances the sensuality of the item such that the item can have both (a) visual and (b) olfactory sensuality—in contrast to prior containers. Further, the unique lingerie configuration enhance's the logical connection between (a) the scent and (b) the lingerie. At point of purchase, the desirability of scented lingerie can be readily perceived (e.g., facilitating a spouse or husband's appreciation thereof). In addition, women can feel less self-conscious because the appropriateness of placing a scented container in a lingerie drawer is clarified simply without words or explanations that could otherwise hamper one's mood or state of mind. The present container also is relatively unnoticeable within a lingerie drawer because it blends in with the items therein, reducing potential feelings of awkwardness related thereto. The container can also be used as an item of amusement or humor and can, thus, also be used to reduce tension involved in sexuality.

Third, the container can be relatively inexpensive and easy to fabricate and can be constructed into unique designs having suppleness and sensuality.

The above and other advantages, features and aspects of the present invention will be more readily perceived from the following description of the preferred embodiments thereof taken together with the accompanying drawings and claims.

## BRIEF DESCRIPTION OF THE DRAWINGS

The present invention is illustrated by way of example and not limitation in the accompanying drawings, in which like references indicate like parts, and in which:

FIG. 1 is a perspective view of a scented material container according to a first embodiment of the invention;

FIG. 2 is a front view of another scented material container similar to that shown in FIG. 1;

FIG. 3 is cross-sectional view along the arrows 3—3 in FIG. 4;

FIG. 4 is a front view of another scented material container similar to that shown in FIG. 1;

FIG. 5 is a front view of another scented material container similar to that shown in FIG. 1, with leaf-potpourri material therein;

FIG. 6(A) is a rear view of another scented material container according to the invention; and

FIG. 6(B) is a cross-sectional view taken along the line 6B—6B shown in FIG. 6(A).

## DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENTS

FIG. 1 shows one embodiment of the invention, wherein a scented material container 100 has first and second compartments 110 and 120, a central connection 115 between the compartments, and a strap 130 connecting between outer sides 111 and 121 of the compartments 110 and 120, respectively. The strap 130 can be formed as a single strap or as two separate straps extending from respective compartments that are connectable together with hook and loop fasteners (e.g., VELCRO) or with other known brassiere strap-connectors. The container 100 preferably also includes over-straps 140 and 150 connecting the upper regions of the compartments at 112 and 122 to the rear side of the strap 130.

The scented material container has a unique lingerie configuration. Among other things, the unique lingerie configuration is unlike a common lingerie item in the use of

4

"enclosed" filled breast-shaped compartments 110 and 120, rather than "cup-shaped" support structures. As shown in FIG. 3, the compartments preferably have a front wall 123 and a rear wall 124 that form an interior cavity 125 therebetween. The front and rear walls 123 and 124 are connected together—preferably sewn together—around their peripheries to form the enclosed compartments. Preferably, the front and rear walls are connected at or near their outer edges to form large single compartments.

As best shown FIG. 3, the compartment 120 contains a scented material. The scented material preferably fills substantially the entire interior spaces of each of the compartments 110 and 120. The scented material preferably includes a potpourri type scented material. The most preferred potpourri materials are scented beads and crushed-leaf potpourri. Scented beads are known in the art. Exemplary scented beads are "simmering beads" which are known in the art. The scented beads can be made with, for example, a base material (e.g., a polymer, a wax, or other base material) having a scented material therein. The scented beads can also include a coloring agent so that the beads can be colored as desired. Other known scented materials can also be used. In the embodiments shown in FIGS. 1–4, the scented material includes a plurality of scented or potpourri beads 200. In the embodiment illustrated in FIG. 5, the scented material includes a crushed-leaf variety of potpourri 201. Although any known scented material can be included within the compartments 110 and 120, the illustrated potpourri material of the beaded and leaf varieties are most preferred.

Preferably, the scented material allows some compliance and movement to thus have a softness and sensuality. For example, the use of loose potpourri material within the compartments can create a softness to the compartments, enhancing their tactile quality and the sensuality thereof.

The walls 123 and 124 are preferably made of a fabric material. Fabric materials commonly used for making lingerie and other clothing products are preferred. Exemplary preferred fabrics include: synthetic polymers fibers such as polyesters, nylons, acetates, acrylates, rayons, lycra, and, although less preferred, natural fibers such as cotton and silk. The denier number of the fabric can be, for example, in the range of common lingerie fabrics and, more preferably, low enough to provide shear wall surfaces. As one example, a fabric having a denier number of in the range of about or near 15 can be used. Preferably, the material of the walls 123 and 124 is at least partly see-through or semi-transparent. For example, a fabric having spaces between crossing threads (e.g., the warps and wefts) can be used, as is common in portions of lingerie fabric materials. The fabric materials preferably allow the scented material, such as beads 200, to be viewed there-through. This can enhance the visual appearance of the device. In addition, such lingerie fabrics have beneficial qualities in containing scented materials, being relatively strong and porous so as to contain the scented material while allowing the scent to freely permeate therefrom. Although less preferred, other materials can be used either to construct the entire container or portions thereof, including for example, leather (e.g., black leather), plastic, patent leather, other sheet materials having some compliance and known for making articles of clothing, etc. As should be understood, the compartments 110 and 120 should include scent emitting holes when the material used is non-porous.

The scented material container is preferably substantially smaller than a common lingerie item such as a woman's brassiere. In one preferred embodiment, the scented material

5

container has a length L between the outermost ends of the compartments, FIG. 2, of less than about 8 inches. More preferably, the length L is an about 6–6½ inches or less, and a height H, FIG. 2, is about 2½–3 inches or less. FIG. 2 also illustrates exemplary relative proportional sizes according to one possible construction.

The compartments 110 and 120 can be formed in a variety of ways as apparent to those in the art.

FIGS. 6(A)–6(B) illustrate an embodiment wherein a border is formed around at least a portion of the perimeter of the walls 123 and 124. Such a border is not required in other embodiments. In this particular embodiment, the perimeters of the walls 123 and 124 are connected together at or within the border. FIG. 6(A) shows the rear side of the compartments 110 and 120. The borders 116 and/or 117 preferably wrap around the perimeter edges of the walls 123 and 124 as shown in FIG. 6(B). The borders 116 and/or 117 and the perimeter edges are fixed together, such as with threads 119. A decorative member such as a laced or scalloped strip member 118, FIG. 6(A), can be sewn to the front of each compartment to cover the front side of the borders 117. If desired, the containers can be initially only partly constructed prior to filling. For example, the borders 117 can be sewn only along the dashed-lines 119, but not along the dotted-lines 119'. The partly constructed containers can be stored in an empty state and can be filled with scented material as desired. When filling is desired, the portion 117' can be moved aside to allow access between the walls 123 and 124. The scented material can be placed therein, and then the portion 117' can be threaded to the remainder of the compartment. In another example, when filling scented beads or the like, a small section of the stitching 119, 119' can be left open (e.g., even less than about a ½ inch length) while the remainder of the stitching at 119, 119' is sewn to create a mostly closed compartment. Then, a supply conduit (not shown) having a hollow interior leading to a bead supply (not shown) can be inserted into the opening and beads 200 can be injected from the bead supply through the a discharge end (e.g., a nozzle) of the supply conduit using air pressure from an air pressure source. In this regard, air can be supplied via an air supply tube (not shown) into the supply conduit downstream of the bead supply in a manner to draw beads from the bead supply into and through the supply conduit. The beads can thus be quickly injected into the compartments while air quickly passes through holes, such as in the fabric material, in the walls of the compartments. After filling, the portion of the stitching left open can be sewn closed to finish the product. As shown in FIG. 6(B), the strap 130 can also have its end 131 tucked under the border 116 and sewn therein. In other embodiments without such a border, the perimeter walls 123 and 124 can also—if desired—be initially only partly connected there-around in a similar manner to create a partly constructed container that can be similarly filled with a scented material at an appropriate time.

As noted, the preferred embodiments of the invention have a scented material—preferably scented beads or crushed-leaf potpourri—filling substantially the entire compartments. Some of the scented material can be without scent and/or can be a filler material. For example, portions of potpourri leaves or other materials may have pleasant visual or textural qualities, or may be used to contain the scented material.

As discussed above, the present invention has a number of advantages and uses not available with existing scented material containers and sachets.

First, the two compartment—semi-brassiere like—configuration has a number of structural advantages not

6

found in other scented material containers. The use of two compartments helps increase the exposed surface area of the scented material within the container. In addition, the use of a flexible connection between the compartments allows the compartments to be moved relative to one another whereby the structure can be readily adapted to various spaces. Furthermore, the straps 130, 140 and 150 provide versatility in handling and hanging the container—allowing the container to easily be hung on a hanger, a door knob, or a bed post, or on a variety of other structures.

Second, the placement of scented material within a container having such a unique lingerie configuration (a) enhances the positive image of lingerie, (b) facilitates a woman's comfort with and ability to use scented materials with lingerie, and (c) enables a woman or man to appreciate the scent in the context of a lingerie item so as to facilitate selection of an appropriate scent for lingerie. Even further, the unique lingerie configuration enhances the sensuality of the item such that the item can have both (a) visual and (b) olfactory sensuality—in contrast to prior containers. Further, the unique lingerie configuration enhance's the logical connection between (a) the scent and (b) the lingerie. At point of purchase, the desirability of scented lingerie can be readily perceived (e.g., facilitating a spouse or husband's appreciation thereof). In addition, women can feel less self-conscious because the appropriateness of placing a scented container in a lingerie drawer is clarified simply without words or explanations that could otherwise hamper one's mood or state of mind. The present container also is relatively unnoticeable within a lingerie drawer because it blends in with the items therein, reducing potential feelings of awkwardness related thereto. The container can also be used as an item of amusement or humor and can also be used to reduce tension involved in sexuality.

Third, the container can be relatively inexpensive and easy to fabricate and can be constructed into unique designs having suppleness and sensuality.

While the present invention has been shown and described with reference to preferred embodiments presently contemplated as best modes for carrying out the invention, it is understood that various changes may be made in adapting the invention to different embodiments without departing from the broader inventive concepts disclosed herein and comprehended by the claims which follow.

What is claimed is:

1. A scented material container, comprising:

a first breast-shape compartment having a rear fabric wall and a front fabric wall;

a second breast-shape compartment having a rear fabric wall and a front fabric wall;

a perimeter side of said first compartment being connected to a perimeter side of said second compartment;

a strap connected to said first compartment at a side opposite said second compartment and extending around and connected to said second compartment at a side opposite said first compartment;

a scented material within said first and second compartments;

whereby said container is generally configured as a filled brassiere lingerie item.

2. The scented material container of claim 1, wherein said scented material includes a potpourri material.

3. The scented material container of claim 1, wherein said scented material includes a material selected from the group consisting of crushed-leaves and scented beads.

4. The scented material container of claim 1, wherein said first and second compartments each have a length of less than about three inches.

5,899,720

| 7 | 8 |

5. The scented material container of claim 1, further including a first over-strap connected from a top of said first compartment to a rear portion of said strap and a second over-strap connected from a top of said second compartment to a rear portion of said strap.

6. The scented material container of claim 1, wherein said fabric of at least the front walls of said first and second compartments has a wide stitch pattern with spaces that allow the interior of the compartment to be viewed, such that the scented material therein is visible therethrough.

7. The scented material container of claim 1, wherein said scented material is compliant to enhance sensuality.

8. The scented material container of claim 1, wherein said strap includes two strap segments that are connected to respective ones of said compartments and are connectable together to form said strap.

9. A method of using a scented material container to enhance an individual's appreciation of an article of lingerie, comprising the steps of:

providing a scented material container, comprising: a first breast-shape compartment having a rear fabric wall and a front fabric wall; a second breast-shape compartment having a rear fabric wall and a front fabric wall; a perimeter side of said first compartment being connected to a perimeter side of said second compartment; a strap connected to said first compartment at a side opposite said second compartment and extending around and connected to said second compartment at a side opposite said first compartment;

filling a scented material within said first and second compartments such that said container is generally configured as a filled brassiere lingerie item; and

placing the breast shaped compartments within an individual's view and smell.

10. The method of claim 9, further comprising the step of placing the scented material container in an enclosed drawer or compartment along with at least one item of lingerie.

11. A scented material container, comprising:

a first breast-shape compartment having a rear wall and a front wall, at least one of said rear and front walls having air permeating openings therethrough;

a second breast-shape compartment having a rear wall and a front wall, at least one of said rear and front walls having air permeating openings therethrough;

a perimeter side of said first compartment being connected to a perimeter side of said second compartment;

a strap connected to said first compartment at a side opposite said second compartment and extending around and connected to said second compartment at a side opposite said first compartment;

a scented material within said first and second compartments;

whereby said container is generally configured as a filled brassiere lingerie item.

*    *    *    *    *

**Exhibit B**

US00D442684S

(12) **United States Design Patent** (10) Patent No.: **US D442,684 S**
Berg                                    (45) Date of Patent: ** May 22, 2001

(54) **POTPOURRI SACHET**

(76) Inventor: **Robert Isaac Berg**, 7936 Paseo Del
Ocaso, La Jolla, CA (US) 92037

(**) Term: **14 Years**

(21) Appl. No.: **29/067,269**

(22) Filed: **Mar. 12, 1997**

(51) LOC (7) Cl. ................................................. **23-04**

(52) **U.S. Cl.** ........................ **D23/367**; D23/366; D23/367;
D23/368; D23/369

(58) **Field of Search** .................................. D23/366–369;
239/60, 36; D2/700, 706, 708, 710

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D. 185,240 | * | 5/1959 | Sachs ...................................... D2/708 |
| 2,124,396 | * | 7/1938 | Frank ...................................... 239/36 |
| 2,615,754 | * | 10/1952 | Lindenberg ............................. 239/36 |
| 4,283,011 | * | 8/1981 | Spector ................................... 239/36 |
| 4,744,514 | * | 5/1988 | Gadova ................................... 239/36 |

* cited by examiner

Primary Examiner—Lisa Lichtenstein
(74) Attorney, Agent, or Firm—Stephen B. Parker;
Kilpatrick Stockton LLP

(57)                    **CLAIM**

The ornamental design for a potpourri sachet, as shown and
described.

**DESCRIPTION**

FIG. 1 is a front view of my new design. The portions shown
in broken lines—including the rear portion and the internal
beads—are for illustrative purposes only and form no part of
the claimed design; and.

FIG. 2 is a cross-sectional view of one of the cups of the
design taken along line 2—2 of FIG. 1, it being understood
that the cross-sectional view of the other cup is the same as
that shown.

The mesh pattern fragmentarily shown in FIG. 1 represents
fabric and is understood to extend throughout the areas
represented.

**1 Claim, 2 Drawing Sheets**



FIG.  2



| TO: | REPORT ON THE |
| --- | --- |
| **Commissioner of Patents and Trademarks** <br> **Washington, D.C. 20231** | **FILING OR DETERMINATION OF AN** <br> **ACTION REGARDING A PATENT** |

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised
that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO. <br> 01-CV-1194 IEG(LSP) | DATE FILED <br> 07-03-01 | U.S. DISTRICT COURT <br> United States District Court, Southern District of California |
| --- | --- | --- |
| PLAINTIFF <br><br> Robert Isaac Berg | | DEFENDANT <br><br> Sassy Scents LLC |

| PATENT NO. | DATE OF PATENT | PATENTEE |
| --- | --- | --- |
| 1 5,899,790 | 5-4-99 | Robert Isaac Berg |
| 2 US D442,684 S | 5-22-01 | Robert Isaac Berg |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY <br> ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| --- | --- | --- | --- |
| **PATENT NO.** | **DATE OF PATENT** | **PATENTEE** | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
| --- |
| <br><br><br><br><br> |

| CLERK | (BY) DEPUTY CLERK | DATE |
| --- | --- | --- |
| | | |

Copy 1 - Upon initiation of action, mail this copy to Commissioner   Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner   Copy 4 - Case file copy

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ROBERT ISAAC BERG | '01 CV  1194 IEG (LSP)<br><br>SASSY SCENTS, LLC &<br>DEBRA KRESSNER |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED  San Diego<br>PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br><br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Jeffrey R. Smith<br>SMITH & BROWN, LLP<br>2247 San Diego Ave., Ste. 234<br>San Diego, CA 92110<br>(619)260-3444 | ATTORNEYS (IF KNOWN) |
|---|---|

| II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)<br>(For Diversity Cases Only) |
|---|---|

III. CITIZENSHIP OF PRINCIPAL PARTIES

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | • 1 | • 1 | Incorporated or Principal Place of Business in This State | • 4 | • 4 |
| Citizen of Another State | • 2 | • 2 | Incorporated and Principal Place of Business in Another State | • 5 | • 5 |
| Citizen or Subject of a Foreign Country | • 3 | • 3 | Foreign Nation | • 6 | • 6 |

II. BASIS OF JURISDICTION:

- • 1 U.S. Government Plaintiff
- X 3 Federal Question (U.S. Government Not a Party)
- • 2 U.S. Government Defendant
- • 4 Diversity (Indicate Citizenship of Parties in Item III)

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Patent Infringement, 28 U.S.C. §1331, §1338(a)    29:1338 pt

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| • 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| • 120 Marine | 310 Airplane | • 362 Personal Injury-Medical Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| • 130 Miller Act | 315 Airplane Product Liability | | 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | 430 Banks and Banking |
| • 140 Negotiable Instrument | 320 Assault, Libel & Slander | • 365 Personal Injury - Product Liability | | 820 Copyrights | 450 Commerce/ICC Rates/etc. |
| • 150 Recovery of Overpayment &Enforcement of Judgment | 330 Federal Employers' Liability | • 368 Asbestos Personal Injury Product Liability | 640 RR & Truck | X 830 Patent | 460 Deportation |
| • 151 Medicare Act | 340 Marine | | 650 Airline Regs | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| • 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | 660 Occupational Safety/Health | **SOCIAL SECURITY** | 810 Selective Service |
| • 153 Recovery of Overpayment of Veterans Benefits | 350 Motor Vehicle | • 370 Other Fraud | 690 Other | 861 HIA (1395ff) | 850 Securities/Commodities Exchange |
| | 355 Motor Vehicle Product Liability | • 371 Truth in Lending | **LABOR** | 862 Black Lung (923) | 875 Customer Challenge 12 USC |
| • 160 Stockholders Suits | 360 Other Personal Injury | • 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| • 190 Other Contract | | • 385 Property Damage Product Liability | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 892 Economic Stabilization Act |
| • 195 Contract Product Liability | | | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | |
| | | | 740 Railway Labor Act | 870 Taxes (U.S. Plaintiff or Defendants) | 894 Energy Allocation Act |
| • 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence Habeas Corpus | 790 Other Labor Litigation | 871 IRS - Third Party 26 USC 7609 | 895 Freedom of Information Act |
| • 220 Foreclosure | 442 Employment | | 791 Empl. Ret. Inc. | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| • 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | Security Act | | |
| • 240 Tort to Land | 444 Welfare | 535 Death Penalty | | | 950 Constitutionality of State |
| • 245 Tort Product Liability | 440 Other Civil Rights | 540 Mandamus & Other | | | 890 Other Statutory Actions |
| • 290 All Other Real Property | | 550 Civil Rights | | | |
| | | 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- X 1 Original Proceeding
- • 2 Removal from State Court
- • 3 Remanded from Appellate Court
- • 4 Reinstated or Reopened
- • 5 Transferred from another district (specify)
- • 6 Multidistrict Litigation
- • 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | • CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $<br>$500,000 | Check YES only if demanded in complaint:<br>JURY DEMAND: • YES • NO |
|---|---|---|---|

VIII. RELATED CASE(S) IF ANY (See instructions):     JUDGE _____ Docket Number _____

DATE  06/28/01

SIGNATURE OF ATTORNEY OF RECORD
Jeffrey R. Smith

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)